**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2375-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALEXANDER LARA, a/k/a
ALEXANDER BELEN, and
ALEXANDER BELEN LARA,

    Defendant-Appellant.

_____

Submitted November 13, 2024 – Decided February 24, 2025

Before Judges Susswein and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 11-04-0912.

Alexander Lara, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Debra G. Simms, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

This matter returns to us after a direct appeal and an appeal from the denial of a petition for post-conviction relief (PCR). Defendant Alexander Lara appeals a March 16, 2023 Law Division order entered by Judge Gwendolyn Blue denying his motion to correct what he claims to be an illegal sentence that she imposed in April 2013 on his jury trial convictions for two robberies and related offenses. After reviewing the record in light of the parties' contentions and governing legal principles, we affirm.

We discern the following facts and procedural history from the record, which includes our prior opinions. On May 31, 2010, at around 10:30 p.m., defendant and his co-defendant committed armed robberies involving different victims in two parks located in Collingswood and Cherry Hill. After spotting a vehicle matching the description that had been given, police stopped the vehicle and arrested the driver and registered vehicle owner, defendant, and the passenger, the co-defendant. A search of the vehicle revealed a handgun, ammunition, masks, gloves, currency, and defendant's t-shirt.

In April 2011, defendant and co-defendant were charged by indictment with six counts of first-degree robbery; five counts of second-degree unlawful possession of a handgun; five counts of second-degree possession of a weapon for an unlawful purpose; seven counts of fourth-degree aggravated assault; and

one count each of second-degree robbery, third-degree terroristic threats, and first-degree conspiracy to commit armed robbery.

After severance of certain counts and dismissal of the fourth-degree aggravated assault charge, both defendants were tried before Judge Blue and a jury in November and December 2012. The jury found defendant guilty of two counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(1); two counts of fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); third-degree terroristic threats, N.J.S.A. 2C:12-3(b); and second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and 2C:15-1(a)(1). The jury acquitted defendant on the remaining counts.

On April 12, 2013, after merging the aggravated assault, possession of a weapon for an unlawful purpose, and terroristic threats convictions with the two robbery convictions, Judge Blue sentenced defendant to an aggregate twenty-four-year prison term. Specifically, on the two robbery counts, she imposed consecutive twelve-year prison terms subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2; on the unlawful possession of a weapon count, she imposed a concurrent prison term of six-years with three years of parole

3

ineligibility; and on the conspiracy count, a concurrent prison term of ten years subject to NERA.

Judge Blue set forth her reasons for imposing consecutive sentences on the two robbery convictions, explaining:

> [Defendant], sir, in considering the appropriate sentence in this matter I note I have considered the totality of the circumstances, which also includes the timing of these events, as well as the factors under State [v.] Yarbough[, 100 N.J. 627, 643-44 (1985)].
>
> I do find that the incidents before the [c]ourt involve two separate and distinct events. There are two different victims, two different locations. In order to reach each of these victims it required this defendant to travel by car to locate another victim.
>
> I find that this is not like the case in Yarbough where the Court talks about you have a group of people at one location and a weapon is pulled, the money is demanded of everyone at one location, this is different. I find that this is two separate and distinct events.
>
> I find that this defendant went on a crime spree involving different victims at different locations. I find that as events . . . unfolded in each of these events, I find that the defendant's conduct continued to escalate with the use of more violence, i.e., when I consider the testimony of one of the victim[]s who testified that he heard the clicking of a gun.
>
> So, I find that that certainly did show that the violence was escalating as he reached each . . . of these victims.

A-2375-22

> In following the holding of <u>State [v.] Yarbough</u>, and considering the totality of the circumstances, I do find that this is the appropriate sentence.

Defendant then appealed his conviction and sentence. On direct appeal, he argued, among other things, that Judge Blue should have merged the crimes of conspiracy to commit robbery while armed and robbery. He also argued the consecutive sentences imposed were excessive and should be modified and reduced.

We affirmed defendant's convictions. <u>State v. Lara</u>, No. A-1158-13 (App. Div. Apr. 12, 2016) (slip op. at 31) (<u>Lara I</u>). We also rejected defendant's contention the sentence was excessive but agreed that the conspiracy count should have merged with the robbery counts. <u>Id.</u> at 29. On that basis, we remanded to amend the judgment of conviction. <u>Id.</u> at 31. The New Jersey Supreme Court thereafter denied certification. <u>State v. Lara</u>, 227 N.J. 112 (2016).

In September 2016, defendant filed a PCR petition, which Judge Blue denied without an evidentiary hearing. Defendant appealed and, while the appeal was pending, moved for a limited remand for the PCR court to consider his pro se arguments. We granted that motion and on June 12, 2020, Judge Blue entered another order denying defendant's PCR petition. We affirmed the order

denying PCR. State v. Lara, No. A-0616-18 (App. Div. Mar. 9, 2021) (slip op. at 9) (Lara II).

The New Jersey Supreme Court again denied certification. State v. Lara, 246 N.J. 584 (2021).

On December 20, 2023, defendant filed the present motion to correct an alleged illegal sentence in accordance with Rule 3:21-10(b)(5). Judge Blue denied the motion without a hearing on March 16, 2024. In her written opinion, Judge Blue addressed defendant's "overall fairness" argument, concluding:

> Your reliance on State v. Torres is misplaced. The Appellate Division affirmed your convictions on April 12, 2016. In State v. Torres. 246 N.J. 246, 268 (2021), our Supreme Court held that "[a]n explicit statement, explaining the overall fairness of a sentence imposed on a defendant for multiple offenses in a single proceeding or in multiple sentencing proceedings, is essential to a proper Yarbough[, 100 N.J. at 643-44,] sentencing assessment." There is no case law that requires this [c]ourt to do a Torres analysis. . . . Further, although this matter was decided before Torres, this [c]ourt made statements regarding the overall fairness of the consecutive sentences imposed, which was also considered by the Appellate [C]ourt.

This appeal followed. Defendant raises the following contention for our consideration:

POINT I

THE [TRIAL] COURT'S DENIAL OF DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE IS NOT SUPPORTED BY SUFFICIENT, CREDIBLE[] EVIDENCE IN THE RECORD[.] THEREFORE, THE SENTENCE SHOULD BE VACATED AND A RESENTENCING HEARING SHOULD BE ORDERED.

We first address defendant's contention that his sentence was "not imposed in accord[ance] with the [New Jersey Code of Criminal Justice]."[1] We review the disposition of a motion to correct an illegal sentence de novo. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019) (citing State v. Schubert, 212 N.J. 295, 308 (2012)). Importantly for purposes of this appeal, "sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law." Id. at 146. In State v. Acevedo, our Supreme Court emphasized that "an illegal sentence is one that 'exceeds the maximum penalty . . . for a particular offense' or a sentence 'not imposed in

---

[1] N.J.S.A. 2C:1-1 to :104-9.

accordance with law.'" 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)). Further, the Acevedo Court explained that "contentions regarding consecutive sentences or the absence of reasons for imposition of the consecutive sentences do not relate to the issue of sentence 'legality.'" Id. at 47.

The latter statement of law is fatal to defendant's central argument. His convictions include two first-degree robbery counts and one second-degree unlawful possession of a weapon count. For the robbery convictions, defendant was sentenced to two consecutive twelve-year prison terms. For the unlawful possession of a weapon conviction, defendant was sentenced to one concurrent six-year prison term. Defendant was thus sentenced to terms below the middle of the range for all three convictions. See N.J.S.A. 2C:43-6(a) (setting forth the "ordinary term" sentencing ranges for crimes based on their degree). The sentences imposed were well within the permissible sentencing ranges and, as a result, are by no means illegal "as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law." Hyland, 238 N.J. at 146.

We likewise reject defendant's contention that the trial court "failed to provide an 'explicit statement' reflecting the performance of an 'overall fairness' assessment for the imposition of multiple consecutive sentences." On direct

8

appeal, we rejected defendant's sentencing contentions, including his challenge that the consecutive sentences were excessive.  Lara I, slip op. at 29. Furthermore, as we have noted, the Acevedo Court made clear that "contentions regarding consecutive sentences or the absence of reasons for imposition of the consecutive sentences do not relate to the issue of sentence 'legality.'"  205 N.J. at 47.  Thus, even assuming for the sake of argument that the Torres requirement to make an explicit statement on "overall fairness" applies retroactively to a case where the direct appeal process was completed years before Torres was decided, the failure to provide a Torres statement would not in any event render a sentence illegal within the meaning of Rule 3:21-10.[2]  Accordingly, defendant has failed to establish any basis to correct an illegal sentence.

Lastly, we address defendant's contention Judge Blue erred by denying his motion "without the benefit of oral argument, and an opportunity to brief the claims, especially, since counsel was not appointed to represent the defendant." Rule 3:21-10(c) provides:

> A hearing need not be conducted on a motion filed under paragraph (b) hereof unless the court, after review of the material submitted with the motion papers, concludes that a hearing is required in the

---

[2] We note that in any event, Judge Blue stated at the original sentencing hearing that, "[her] analysis considered the fairness and appropriateness of [defendant's] sentence."

A-2375-22

interest of justice. . . . [U]pon a showing of good cause, the court may assign the Office of the Public Defender to represent the defendant.

Here, the record clearly shows the sentence was not illegal and that the true gravamen of defendant's latest claim is that it was excessive—a contention that was resolved in prior litigation. Cf. State v. Flores, 228 N.J. Super 586, 589-90 (App. Div. 1988) (holding that in the context of a PCR petition the PCR court did not abuse its discretion "in disposing of defendant's petition on the papers submitted"). We see no error in resolving defendant's motion on the papers.

To the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2375-22